McIlvaine, O. J.
This is a civil action for the partition of certain premises held by the parties, James D. Corwine, Peter B. Hays and Jacob Mace, as devisees under the will of Ilesiah Davis. The principal question arises on the construction of the will. The eighth item of the original will, executed May 19, 1863, was as follows:
“ Item 8th. I give and bequeath unto Jacob Mace, of the county of Ross, state of Ohio, and unto his heirs and assigns forever, the equal undivided one-half of all those pieces of land purchased by me of Wesley Claypool, situated in Ross county, state of Ohio, containing about eleven hundred and seventy-four acres, one rood and twenty-nine poles, which is particularly described in the deed made by Wesley Claypool and wife to me, bearing date April 29th, a.d. 1856. And I hereby devise and bequeath unto James W. Hays, Peter B. Iiays, and John Hays the remaining one equal undivided half thereof, to be shared equally between them.”
Afterwards, on the 8th of June, 1871, the testatrix executed a codicil, the first item of which reads as follows :
“ Item 1st. I desire and do hereby change and modify item 8th in said will so as'to read as follows : I give and bequeath unto Jacob Mace, of the county of Ross, state of Ohio, his heirs and assigns forever, the equal one-half of all those pieces *128 of land purchased by me of Wesley Claypool, situate in Ross county, state of Ohio, and being described in item 8th of said will. And the other one-half of said Claypool land, described in item 8th, and by said 8th item of said will devised to James W. Hays, Peter B. Hays, and John Hays, I devise to Peter B. Hays and James D. Corwine, son of John W. Corwine, and their heirs and assigns forever. My wish and desire being to exclude John Hays and James W. Hays from any interest in said Claypool farm. The said Peter B. Hays and James D. Corwine to have their half of said Claypool farm on the upper side thereof and the said Mace on the lower side.”
The title of the parties to this suit is held under this item of the codicil, and the controversy is in relation to the nature and extent of the estates of the respective devisees. The plaintiffs, Corwine and Hays, claim that the estate devised is held by the devisees as tenants in common, that is to say, that defendant Mace owns an undivided half, and each of the plaintiffs an undivided fourth part of the whole tract, subject, however, under the direction of the will, to be apportioned according to value, so that the interest of the plaintiffs shall be aparted to them on the upper side, and that of the defendant on the lower side of the tract. While the defendant contends that the lower half of the tract, according to acreage, was devised to him in severalty, and that plaintiffs took, under the will, the upper half, as tenants in common.
The contention of the defendant is based chiefly on the last clause in the first item of the codicil, and on the fact that in describing the interests devised the testatrix omitted the qualifying word, “ undivided,” which had been used in the original 8th item of the will. That there is much plausibility in the claim thus made cannot be denied; but upon a careful consideration of the language used by the testatrix in the 1st •item of the codicil, a majority of the court are of opinion that a tenancy in common between the devisees was created, although the testatrix contemplated a separation of the interests, and directed the location of the respective interests when partition should be made.
The last clause in the item does not give to Hays and Cor- *129 wine the upper half of the farm, and to Mace the lower»half ; but directs that Hays and Corwine are to have their half on the upper side and Mace on the lower side thereof. Although the interest of Hays and Corwine is here designated as “their half of said Claypool farm,” wre must look to other parts of the item to determine the true meaning of the phrase here used, namely, what was meant by “ their half,” which they were to have on the upper side of the farm, and the same as to Mace on the lower side ? The devise to Mace was “ the equal one-half” of the land described in the 8th item of the will. The title of Mace rests in this clause, and by its terms, the interest devised to him was as clearly an undivided “equal half ” as if the language of* item 8 of the will had been repeated. And in disposing of the “ other one-half ” the language is still more emphatic. The “ other one-half,” which is here devised to Hays and Corwine, is described as the same which was “ described in item 8th, and by said 8th item of said will devised to James W. Hays, Peter B. Hays and John Hays.” What was devised to James W. Hays. Peter B. Hays and John Hays by the 8th item ? After giving to Jacob Mace “ the equal undivided one-half ” of the Claypool land, the 8th item devised to James, Peter and John Hays “the remaining one equal undivided half thereof.” And this is the exact interest, in terms, which is devised to Hays and Corwine by the codicil, and winch is also the exact complement of the interest devised to Mace. Such being the clear meaning and intent of the testatrix, as manifested by the language employed in the only dispositive clauses of the codicil, when taken in either its ordinary or technical sense, we entertain no doubt that the half of the farm which Hays and Corwine were to have on the upper side and the half which Mace was to have on the lower side of the farm, are to be ascertained and measured, not according to acreage, but according to the value of the interests described in the dispositive clauses of the codicil.
An objection is made to the jurisdiction of the appellate court. We are of opinion that the nature of the title and the relief sought bring the case clearly within the cognizance of a court of equity, and that, thérefore, an appeal. from the com *130 mon pleas to the district court was properly taken. The statute concerning the partition of legal estates does not afford the remedy to which the parties in this case are entitled under the will of Mrs. Davis.

Decree for plaintiffs.